[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff owns and operates an auto body repair business on Truman Street, New London known as Rich's Auto Body. The defendant Advanced Asphalt Services, L.L.C. is a limited liability company in the business of asphalt paving installation and removal with an office in Waterford, Connecticut. The defendant Timothy Corcoran resides in New London County and is an owner/member of the defendant Advanced Asphalt Services, L.L.C.
In the fall of the year 2000, the plaintiff contracted with the defendant to remove existing asphalt and install new asphalt at the parking lot of his body shop located in New London, Connecticut. The plaintiff and defendant thereafter entered into a contract to do the work. The work was done, however, the plaintiff claims that the defendant failed to properly complete the project in that the asphalt allowed dents and indentations caused by the weight of cars and also was susceptible to cracking and crumbling as a result of the failure of the defendant to properly install the asphalt. The plaintiff claims that he was required to expend significant sums of money to remove, repair, reinstall and correct the work of the defendant. The plaintiff also claims that the defendant Corcoran was personally involved in the procurement of the contract and he is personally liable as well as the company.
The defendant filed an answer and special defense denying any negligence in the installation of the asphalt and also claiming that the agreement was between Richard Harris the plaintiff and Advanced Asphalt Services, L.L.C. and that there was no personally responsibility on the part of Timothy Corcoran for the performance of the contract which was in writing and signed by the plaintiff and the defendant, Advanced Asphalt Services, L.L.C.
The testimony of several witnesses established that the lot was paved in November, 2000, and it was to be completed before the end of December. The price for the work was $8,632.00. The work was completed in CT Page 13102 a timely manner, however, in the spring small cracks and weeds appeared and tires sank into the pavement causing indentations. The plaintiff called the defendant who examined the problem and told the plaintiff to wait a year and he would come back and reseal it. They had various experts review the material in particular numerous tire holes and gauged out spots. The defendant did nothing further. The plaintiff submitted photographs showing the weeds and gauges in the parking lot. The defendant claimed that various solvents, anti-freeze, oil and other materials were in the areas where the holes were found and that this caused the holes to occur. He also claimed that the holes would not have occurred had not the solvents weakened the material. The plaintiff denied this and presented photographs and other evidence proving that the holes and gauges were not caused by solvents in that there was no solvents in the area where the damages occurred.
The plaintiff produced and expert John Ingraham who testified that he was an expert in asphalt and that he worked for a company called Tilcon which manufactures and produces asphalt. He indicated that asphalt should not be laid unless the temperature is forty degrees or more and rising and that if the weather is too cold, the asphalt loses service life. He also testified that it was his opinion that the defects were a result of inadequate compacting which caused shorter life of the asphalt and that this lot was inadequately compacted and, therefore, the weight of cars will cause damages. Again, photos in evidence show holes due to improper compaction
The court finds that the plaintiff has proven that the damages were caused by improper work by the defendant and, therefore, finds in favor of the plaintiff.
The plaintiff called in a William Carlson who produced an estimate on behalf of his company BW Paving and Landscaping, Inc. He indicated that the only solution would be to completely remove the present asphalt and completely repave the parking lot. It was his opinion, which was undisputed, that it would cost $8,215.00 to repair the lot. The court, therefore, awards the plaintiff damages of $8,215.00 to repair the parking lot.
However, the defendant in his special defense claimed that while Advanced Asphalt Service, L.L.C. would be responsible if there were any damages awarded, he denied that Timothy Corcoran was personally liable and filed a special defense to that effect. The court must agree that there was no evidence to show that there was personal liability or responsibility on the part of Timothy Corcoran for the performance of the contract. Accordingly, the damages awarded are against Advanced Asphalt CT Page 13103 Services, L.L.C. only.
D. Michael Hurley, JTR CT Page 13104